UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:26-cv-00181

FRANCISCO DELGADO GARCIA,
          Petitioner


          v.


LOUIS A. QUINONES, JR., in his official
capacity as Warden of the Orange County Jail;

IMMIGRATION AND CUSTOMS ENFORCEMENT;

ICE FIELD OFFICE DIRECTOR,
ORLANDO FIELD OFFICE,

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;

          Respondents.

---

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
# AND FOR PRELIMINARY INJUNCTION

Petitioner, Francisco Delgado Garcia, by and through undersigned counsel, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2243, respectfully moves this Court for entry of an Emergency Temporary Restraining Order and Preliminary Injunction prohibiting Respondents from transferring Petitioner from the Orange County Jail or otherwise continuing his unlawful detention pending final adjudication of his habeas petition, and states:

## I. INTRODUCTION

1. This is an emergency request to halt an ongoing and unconstitutional deprivation of liberty.

2. Petitioner is currently detained at the Orange County Jail:
   a.) without criminal charges,
   b.) without a judicial warrant, and

    c.)  solely pursuant to an ICE detainer, which is a non-binding administrative request that confers no detention authority.

3. Respondents have threatened and attempted to transfer Petitioner to ICE custody, which would:
   a.) irreparably harm Petitioner,
   b.) alter the status quo,
   c.) and risk frustrating this Court's habeas jurisdiction.

4. Immediate injunctive relief is required to preserve the Court's ability to adjudicate this case and to prevent continued unlawful detention.

## II. JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

6. This Court has inherent authority to issue injunctive relief necessary to protect its jurisdiction and to prevent constitutional violations.

## III. FACTUAL BACKGROUND (SUMMARY)

7. On January 23rd, 2026, Petitioner was arrested by the Orange County Sheriff's Office solely based on an allegation that he was "undocumented."

8. No criminal charges were filed.
   No probable cause affidavit exists.
   No judicial warrant was issued.

9. Petitioner remains confined solely because ICE lodged an immigration detainer pursuant to 8 C.F.R. § 287.7.

10. Petitioner is lawfully present in the United States and possesses:
    a.) a valid Florida driver license,
    b.) a Social Security number,
    c.) employment authorization,
    d.) a pending asylum application, and
    e.) Petitioner initially entered the United States by means of a B2 tourist visa.

11. Respondents have indicated an intent to transfer Petitioner to ICE custody before this Court can adjudicate the legality of his detention.

## IV. LEGAL STANDARD

12. A temporary restraining order and preliminary injunction are warranted where the movant demonstrates:

    a.) a substantial likelihood of success on the merits;
    b.) irreparable injury absent injunctive relief;
    c.) that the balance of harms favors the movant; and

d.) that the injunction serves the public interest.

## V. ARGUMENT

### A. Petitioner Has a Substantial Likelihood of Success on the Merits

13. ICE detainers are requests, not warrants, and do not authorize local law enforcement to detain individuals absent independent legal authority. See 8 C.F.R. § 287.7.

14. Detention based solely on an ICE detainer violates:
a.) the Fourth Amendment (unreasonable seizure),
b.) procedural due process, and
c.) well-settled limits on state authority to enforce civil immigration law.

15. Federal courts nationwide have overwhelmingly rejected the Government's theory that noncitizens who are lawfully present may be detained without judicial process.

16. In Reyes v. Rose, No. CV 25-7138, 2026 WL 75816 (E.D. Pa. Jan. 9, 2026), the court held that detention under materially identical circumstances was unlawful and ordered habeas relief.

17. As of January 2026, more than 300 federal judges have rejected the Government's mass-detention theory in over 1,600 cases, while only 14 have ruled otherwise.

18. The Middle District of Florida has expressly relied on *Reyes* to grant TRO relief in a factually indistinguishable habeas case involving asylum-pending detainees. See 6:26-cv-00066-RBD-NWH Javier Gimenez Rivero v. Mina et al

19. Petitioner's continued detention without charges, warrant, or bond hearing is therefore likely unlawful, satisfying Rule 65's first element.

### B. Petitioner Is Suffering Irreparable Harm

20. The loss of physical liberty constitutes irreparable harm as a matter of law.

21. Each additional day of unlawful detention inflicts harm that cannot be remedied by monetary damages.

22. Transfer to ICE custody would irreversibly alter Petitioner's custodial status and risk mooting or frustrating this Court's jurisdiction.

### C. The Balance of Equities Favors Petitioner

23. Enjoining Respondents from transferring Petitioner merely preserves the status quo.

24. Respondents suffer no cognizable harm from being required to comply with constitutional limits on detention.

25. By contrast, denial of injunctive relief exposes Petitioner to continued unlawful confinement.

D. Injunctive Relief Serves the Public Interest

26. The public has a compelling interest in:

a.) preventing unconstitutional detention,
b.) ensuring government actors act within lawful authority, and
c.) preserving judicial review.

27. Granting injunctive relief reinforces, not undermines, the rule of law.

## VI. REQUEST FOR RELIEF

Petitioner respectfully requests that this Court:

a.) Enter an Emergency Temporary Restraining Order prohibiting Respondents from transferring Petitioner from Orange County Jail custody;

b.) Enter a Preliminary Injunction maintaining the status quo pending final adjudication of the habeas petition;

c.) Order expedited proceedings pursuant to 28 U.S.C. § 2243; and

d.) Grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on January 24th, 2026, I electronically served a copy of the foregoing on the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net,OCCDRecords@ocfl.net, and ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

**THE ARROYO LAW FIRM**
390 N Orange Ave. Suite 625
Orlando, FL 32801
Phone: 407-770-9000
Fax: 407-901-0709


/s/ Phillip Arroyo
PHILLIP ARROYO, ESQ.

Florida Bar No. 1022409

[Phillip@ChillCallPhil.com](mailto:Phillip@ChillCallPhil.com)
[Josephine@ChillCallPhil.com](mailto:Josephine@ChillCallPhil.com)

Attorney for Defendant