UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCISCO DELGADO GARCIA,

    Petitioner,

v.                                       Case No.: 6:26-cv-181-GAP-DCI

LOUIS A. QUINONES, JR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE), and
DEPARTMENT HOMELAND
SECURITY,

    Respondents.
_____/

### **ORDER GRANTING TEMPORARY RESTRAINING ORDER**

THIS CAUSE is before the Court for consideration without oral argument on Petitioner's Amended Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5). As discussed below, the Court will grant a temporary restraining order ("TRO") and set an expedited briefing schedule and hearing on Plaintiff's request for a preliminary injunction.

### **I. Background**

Petitioner filed a petition for writ of habeas corpus ("Petition," Doc. 1.) under 28 U.S.C. § 2241 challenging the legality of his detention by the United States Immigration and Customs Enforcement ("ICE"). (*Id.*) Petitioner also filed an

1

Amended[1] Verified Emergency Motion for TRO and preliminary injunction requesting the Court to enjoin Respondents from transferring him from the Orange County Jail pending the resolution of the Petition. (Doc. 5.)[2]

Petitioner alleges that he is a national of Venezuela, who entered the United States on a B2 tourist visa[3] and is lawfully present in the country. (Doc. 1 at 3.) On January 23, 2026, Petitioner was arrested by the Orange County Sheriff's Office for allegedly being undocumented. (*Id.* at 1-2.) Petitioner states that he possesses a Florida driver license, a social security number, employment authorization, and has an application for asylum pending. (*Id*. at 3.) Petitioner maintains that he has not been provided any written notice regarding the legal basis for his detention. (*Id*. at 2.)

Petitioner contends that his continued detention without a hearing violates

---

[1] Petitioner first filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction on January 24, 2026. Doc. 2. He filed an Amended Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) on January 26, 2026, certifying to the Court his efforts to give notice to Respondents and the reasons why it should not be required. *Id*. at 4.

[2] The Court will deal with the Petition for Writ of Habeas Corpus separately.

[3] The Petition is not a model of clarity. For instance, it does not provide specifics regarding when Petitioner entered the country or regarding his immigration proceedings such as when he filed an application for asylum. Counsel is cautioned that in the future, he should provide detailed factual allegations as it relates to Petitioner's situation.

due process. (*Id*. at 3.) In the Petition, he seeks the following relief: (1) immediate release, (2) a TRO and an injunction prohibiting his transfer from the Orange County Jail pending the resolution of this action, (3) a declaration that his detention is unlawful, (4) an order for expedited proceedings under 28 U.S.C. § 2243, and (5) any other relief deemed proper. (*Id.* at 5.)

## II. Legal Standard

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." If the movant establishes that he is justified in seeking ex parte relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't*

3

*of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

### III. Analysis

**A. Likelihood of Success on the Merits**

"Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

Courts have determined that noncitizens, like Petitioner, who have been residing in the United States and have applications for asylum pending, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See, e.g., Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by virtue of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy — ordering release or bond hearings in more than 1,600 cases — [while] just 14 judges . . . have sided

with the [Government's] position."). Rather, these courts have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, are entitled to a bond hearing. *See id.*; *see also De Souza v. Soto*, No. CV 25-18734 (JXN), 2026 WL 102946, at *2 (D.N.J. Jan. 14, 2026) (recognizing that the petitioner who overstayed his B2 tourist visa and was arrested was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing with an immigration judge).

The likelihood of Petitioner's success on the merits is contingent on whether he is detained under 8 U.S.C. § 1226(a), and thus, is entitled to a bond hearing. From Petitioner's allegations, he appears to be entitled to a bond hearing. Consequently, his detention without the opportunity for a bond hearing would be unlawful, and he has demonstrated a likelihood of success on the merits.

**B. Irreparable Harm**

Next, Petitioner must demonstrate that without an injunction he will suffer irreparable injury, which is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir.

2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

To allow Petitioner to be transferred from the Orange County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case. If this occurred, Petitioner likely would be unlawfully detained without due process even longer. Petitioner, therefore, has shown irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer from the Orange County Jail is the equitable and expedient manner by which to limit and address the potential illegality of Petitioner's detention.

### C. Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "'Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at 690). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of

equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

### IV. Conclusion

The Court concludes that Petitioner's immigration detention without a bond hearing is likely unlawful. Petitioner's transfer from the Orange County Jail to an ICE facility would prolong resolution of this issue and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a temporary restraining order. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* Fed. R. Civ. P. 65(c).

Accordingly, it is **ORDERED** that Petitioner's Motion for TRO (Doc. 5) is **GRANTED** as follows:

1. Respondents and those in privity with them are hereby **TEMPORARILY ENJOINED** from transferring Francisco Delgado Garcia from the Orange County Jail **until further order of the Court**.

2. Respondents shall respond in writing to the Motion for TRO (Doc. 5) by **noon on February 4, 2026** and show cause why the Court should not issue a preliminary injunction.

3. No bond shall be required.

4. **TAKE NOTICE** that the Court will consider this matter at a hearing on **February 9, 2026 at 1:00 PM**, at which time the TRO will expire unless extended.

5. The Clerk of Court is directed to electronically send a copy of this Order to the United States Attorney's Office in Orlando, Florida. The United States Attorney for the Middle District of Florida shall expeditiously serve this Order on the other federal Respondents.

**DONE** and **ORDERED** in Orlando, Florida on January 26, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

USAFLM.Orlando2241@usdoj.gov.

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801

Orange County Jail / Warden's Office (main office email):

michele.carpentieree@ocfl.net

Orange County Sheriff's Office – Legal Services (main office email):
so-as-legalservices@ocsofl.com
OCCDRecords@ocfl.net

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324

Sheriff John Mina

Warden, Orange County Jail